WAYNE GREENWALD, P.C.     Hearing Date: April 25, 2017
*Attorneys for the Debtor,*     Hearing Time: 10:00 a.m.
*Craig R. Charney*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922
Wayne Greenwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re     Case No.: 17-13492-MKV

CRAIG R. CHARNEY,     Chapter 7
    Debtor.
--------------------------------------------------------X

**DEBTOR'S VERIFIED MOTION SEEKING ORDERS PURSUANT TO FED.R.BANKR.P. 8002(D)(1), EXTENDING THE TIME TO FILE HIS NOTICE OF APPEAL FROM THIS COURT'S ORDER OF MARCH 26, 2018 WITH POINTS AND AUTHORITIES**

**TO:**   HON. MARY KAY VYSKOCIL
       UNITED STATES BANKRUPTCY JUDGE

The Debtor, Craig R. Charney (the "Debtor"), by his attorneys, represents:

### Preliminary Statement

1. The Debtor asks this Court to enter orders: a.) pursuant to Fed.R.Bankr.P. 8002(d)(1), extending the Debtor's time to file his notice of appeal from this Court's order of March 26, 2018 (the "Order") to the date that it was filed; and b.) granting such other and further relief as the Court deems proper (the "Motion").

2. The Motion should be granted because:

- 1 -

a.) This Motion is made within 21 days of the deadline for filing a notice of appeal;

b.) The failure to file timely was the result of "excusable neglect."

These matters are elucidated herein.

## BACKGROUND

3. The Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 5, 2017.

4. Deborah J. Piazza was appointed Trustee in this case.

5. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

6. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

7. This motion concerns a "public right."

8. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

## THE COURT'S ORDER

9. On March 3, 2018, the Trustee filed her "Motion for Turnover of Property (I) Objection to Debtor's Claimed Exemption Under NY CPLR 5206 in Proceeds of the Prepetition Sale of Homestead and (ii) Motion for Turnover by Debtor of the Proceeds and Other Property of the Estate" ECF # 18 (the "Objection").

10. The Debtor opposed the Objection. ECF # 25.

11. On March 26, 2018, this Court entered its Order granting the Objection.

12. Fed.R.Bankr.P. 8002(a)(1) made the time for filing a notice of appeal of the Order fourteen days from the date of the Order's entry.

13. The Debtor's attorney filed a Notice of Appeal from the Order on April 10, 2018 (the "Notice of Appeal").

14. A copy of the Notice of Appeal is Annexed hereto and incorporated herein as Exhibit "A."

15. April 10, 2018 was fifteen days from the date of the Order's entry.

## THE DEBTOR SHOULD BE GRANTED AN EXTENSION OF HIS TIME TO FILE HIS NOTICE OF APPEAL

16. Fed.R.Bankr.P. 8002(d)(1)(B) authorizes bankruptcy courts to extend the time to file notices of appeal. It provides:

> Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
>
> (B) within 21 days after that time, if the party shows excusable neglect.

17. This Motion was filed within 21 days of the deadline for filing

**Excusable Neglect**

18. Excusable neglect is a context-specific equitable concept that

> requires consideration of all relevant circumstances including:
>
>> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.
>
> *In re Soundview Elite Ltd.,* 512 B.R. 155, 159 (S.D.N.Y. 2014), aff'd, 597 F. App'x 663 (2d Cir. 2015), Citing, *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir.2003, *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 385, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("*Pioneer*").

**No Prejudice**

19. There is no prejudice to the non-movant.

20. The Debtor is not seeking a stay pending appeal.

21. The appeal is directed only to the Order denying the Debtor the homestead exemption he asserted.

**Length of Delay**

22. The Notice of Appeal was filed on the fifteenth day after the Order's entry.

23. The delay was minimal.

24. The delay did not and does not impact on the case's progress.

25. The Debtor is not seeking a stay of the Order and the Court is enforcing the Order as it relates to the Debtor producing documents the Trustee requested.

**Reason For Delay**

26. The reason for the delay was the Debtor's attorney's error in applying the length of the month of March.

27. He thought it was 30 days.

28. It turns out to be 31 days.

29. This made the 14th day March 9, 2018, instead of March 10, 2018.

30. Consistent with his good faith error, the Notice of Appeal was filed on March 10, 2018.

31. If the Debtor's counsel could have avoided this error, he would have.

32. It is possible that the Debtor's counsel's ADD and depression contributed to it.

33. He is unprepared to say it did or did not.

34. Nevertheless, *Pioneer* "rejected the notion that excusable neglect can only encompass those actions beyond the movant's reasonable control." The court stated that excusable neglect at bottom is an equitable consideration "taking account of all relevant circumstances surrounding the party's omission." *Matter of Christopher,* 35 F.3d 232, 236 (5th Cir. 1994), Citing, *Pioneer* 113 S.Ct. at 1498.

35. Excusable neglect "may include inadvertence, mistake." *In re Mizisin,* 165 B.R.

834, 835 (Bankr. N.D. Ohio 1994) Citing, *Pioneer*, 113 S.Ct. at pp. 1497–98.

36. Debtor's counsel's error was an innocent, inadvertent mistake.

**Good Faith**

37. The Debtor's counsel acted and continues to act in "good faith" throughout this case.

38. The Notice of Appeal's timing shows Debtor's counsel acted on his error in good faith.

39. He promptly obtained a hearing date for this Motion.

40. He is working with the Debtor to provide the Trustee with documents the Trustee seeks.

41. The Trustee complains that she has not received what amounts to thousands of documents.

42. Yet, her counsel acknowledged receiving an apparently problematic bank statement for the period immediately before this case was filed.

43. If the Debtor and his counsel were acting in bad faith, producing that statement might have been delayed. It wasn't.

44. The Debtor's counsel is now providing documents to the Trustee upon his receiving them from the Debtor, even before reviewing them.

### Injury to Debtor

45. A consideration in determining "excusable neglect's" existence is "the danger of prejudice to the debtor" *Matter of Christopher*, 35 F.3d at 236, Citing, *Pioneer* 113 S.Ct. at 1498.

46. Prejudice to the Debtor is monestrous.

47. The issue is the Debtor retaining the proceeds from the sale of his home as subject to New York State's homestead exemption.

48. Those funds are necessary for his fresh start and caring for his young son.

49. The Debtor believes the Order is based on an erroneous application of the N.Y.C.P.L.R. which contravenes the liberal application of New York's homestead exemption, *In re Rasmussen*, 456 B.R. 1, 3 (E.D.N.Y. 2011) and bankruptcy courts strongly favoring debtors' exemptions. *In re Riley*, 472 B.R. 422, 429 (Bankr. W.D. Ky.).

**WHEREFORE**, the Debtor asks that this Court grant this Motion and issue orders: a.) pursuant to Fed.R.Bankr.P. 8002(d)(1), extending the Debtor's time to file his Notice of Appeal from this Court's order of March 26, 2018 to the date that it was filed; and b.) granting such other and further relief as the Court deems proper.

Dated: New York, NY
     April 11, 2018

                                        WAYNE GREENWALD, P.C.
                                        *Attorneys for the Debtor,*

*Craig R. Charney*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

By: <u>/s/ Wayne M. Greenwald Pres.</u>
      Wayne M. Greenwald

## **VERIFICATION**

Wayne Greenwald declares:

1. I am the Debtor's attorney in this case and have personal knowledge of the facts stated herein.

2. I read the preceding Motion, know its contents and the statements of fact contained therein are true and correct to the best of my knowledge.

I declare the foregoing statement to be true and correct to the best of my knowledge, under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, NY
      April 11, 2018

                                      /s/ Wayne M. Greenwald
                                          Wayne M. Greenwald